UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WISCONSIN

FILED/REC'D
2026 NOV 12 P 12: 02
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

ISHMAIL DEION YOUNG, Plaintiff,

v.

ROCK COUNTY, WISCONSIN, Defendant.

Case No.: To be assigned

**26-cv-1118-jdp**

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## 42 U.S.C. § 1983

**JURY TRIAL DEMANDED**

## I. NATURE OF THE ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.
2. This action arises from a criminal matter originating in 2014 in Rock County, Wisconsin, involving a Deferred Prosecution Agreement (DPA).
3. Plaintiff entered into the Deferred Prosecution Agreement and alleges that he fulfilled the conditions and requirements imposed under the agreement.
4. Rock County's published Deferred Prosecution Program provides that participants who successfully complete their requirements earn dismissal of their cases.
5. Plaintiff alleges that his successful completion entitled him to have the underlying criminal matter dismissed.
6. Plaintiff alleges that no criminal prosecution is currently pending against him arising from the original 2014 matter.
7. Despite Plaintiff's alleged completion of the agreement, a 2026 failure-to-appear warrant was issued in connection with a subsequent proceeding concerning completion of probation and eligibility for dismissal.
8. Plaintiff had relocated from Wisconsin and established residence in Columbus, Ohio.
9. Plaintiff informed prior legal counsel that he no longer resided in Wisconsin and requested that proceedings concerning completion of the agreement and expungement eligibility be conducted through video court.
10. Prior counsel refused to file a motion requesting permission for Plaintiff to appear remotely.

11. Plaintiff never received a mailed hearing notice identifying the subsequent court date.
12. Plaintiff was not provided the requested video court participation.
13. The 2026 failure-to-appear warrant resulted in Plaintiff's arrest in Ohio and detention without an established bond amount.
14. Plaintiff challenges the constitutional and legal basis for the issuance and enforcement of the warrant, particularly in light of the completed deferred prosecution matter, absence of mailed hearing notice, and circumstances surrounding his inability to participate remotely.

# II. JURISDICTION AND VENUE

15. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.
16. Plaintiff invokes civil rights jurisdiction pursuant to 28 U.S.C. § 1343.
17. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.
18. Venue is asserted pursuant to 28 U.S.C. § 1391 because the underlying deferred prosecution matter and relevant alleged governmental conduct originated in Rock County, Wisconsin.

# III. PARTIES

19. Plaintiff, Ishmail Deion Young, is a resident of Columbus, Ohio.
20. Plaintiff designates the following address for receipt of court correspondence:

ISHMAIL DEION YOUNG
1509 WHITE AVE
BELOIT, WI 53511

21. The Beloit address is Plaintiff's designated mailing address and is not his current residential address.
22. Defendant Rock County, Wisconsin, is a Wisconsin governmental entity located in Rock County, Wisconsin.
23. Plaintiff names Rock County as the sole defendant and seeks to establish municipal liability under 42 U.S.C. § 1983 based on an actionable county policy, custom, or decision by a final county policymaker that caused the alleged constitutional deprivation.

# IV. FACTUAL ALLEGATIONS

## A. Original 2014 Deferred Prosecution Agreement

24. In 2014, Plaintiff was involved in a criminal proceeding in Rock County, Wisconsin.
25. Plaintiff entered into a Deferred Prosecution Agreement in connection with that proceeding.

26. The agreement established conditions and requirements that Plaintiff was expected to satisfy.
27. Plaintiff alleges that he fulfilled the conditions and requirements imposed under the agreement.
28. Plaintiff alleges that the required period of participation and applicable completion conditions had been satisfied.
29. Plaintiff further alleges that successful completion entitled him to dismissal under the applicable agreement and Deferred Prosecution Program.

## B. Rock County's Published Deferred Prosecution Policy

30. Rock County operates a Deferred Prosecution Program through its District Attorney's Office.
31. Rock County's published program description states that participants enter into a written Deferred Prosecution Agreement and enter a plea while judgment of conviction is deferred.
32. The published program description provides that participants who successfully complete their Deferred Prosecution requirements earn dismissal of their cases.
33. The program distinguishes successful completion from failure to complete the agreement, providing for referral back to court for further proceedings when participants fail to satisfy their requirements.
34. Plaintiff alleges that he satisfied the applicable completion requirements and qualified for the dismissal benefit described in the program.
35. Plaintiff alleges that the continued existence and enforcement of the 2014 matter, despite his successful completion, raises questions concerning whether the applicable completion and dismissal procedures were properly implemented.
36. Plaintiff seeks examination of whether his completion was properly documented, communicated, reviewed, and processed.

## C. Nature of the Subsequent Court Proceeding

37. The subsequent court appearance concerned Plaintiff's completion of probation and eligibility for dismissal of the original 2014 matter.
38. Plaintiff alleges that the hearing concerned completion, dismissal, and expungement issues rather than prosecution of a new criminal charge.
39. Plaintiff alleges that no criminal prosecution is currently pending against him arising from the original 2014 matter.
40. Plaintiff's position is that he had fulfilled the requirements of the Deferred Prosecution Agreement and that the matter had reached the completion and dismissal stage.
41. Plaintiff disputes the legal basis for treating his nonappearance at a completion-related proceeding as grounds for a failure-to-appear warrant without adequately resolving the status of his completed agreement and the legal status of the underlying matter.
42. Plaintiff does not allege that every failure-to-appear warrant is categorically prohibited in a deferred prosecution matter. Rather, Plaintiff challenges the particular circumstances and legal basis for the warrant issued in his case.

## D. Relocation and Requested Remote Court Participation

43. Plaintiff relocated from Wisconsin and established his residence in Columbus, Ohio.
44. Plaintiff informed his prior legal counsel that he no longer resided in Wisconsin.
45. Plaintiff explained that requiring him to travel to Wisconsin for proceedings concerning a 2014 matter created a substantial inconvenience because he resided outside the state.
46. Plaintiff requested that proceedings concerning completion of his Deferred Prosecution Agreement, dismissal eligibility, and expungement be conducted through video court.
47. Plaintiff sought remote participation so that he could appear, address the outstanding issues, respond to any questions, and obtain a determination concerning dismissal without traveling from Ohio to Wisconsin.
48. Plaintiff expressly requested that prior counsel file a motion seeking permission for him to participate through video court.
49. Prior counsel refused to file the requested motion.
50. Consequently, no motion seeking remote participation was submitted by prior counsel on Plaintiff's behalf.
51. Plaintiff alleges that he was willing to participate in the proceedings and sought a reasonable opportunity to address the outstanding issues despite residing outside Wisconsin.
52. Plaintiff's request for remote participation was not an attempt to evade court proceedings or avoid accountability. Plaintiff sought an opportunity to appear and resolve the outstanding issues.

## E. Absence of Mailed Hearing Notice

53. Plaintiff alleges that he never received a mailed hearing notice identifying the subsequent court date.
54. The subsequent court notice, as understood by Plaintiff, simply provided another court date.
55. Plaintiff did not receive a mailed notice identifying that date.
56. Plaintiff also did not receive a mailed warning advising him that failure to appear at the completion-related proceeding would result in a warrant for his arrest.
57. Plaintiff had relocated to Columbus, Ohio, and had informed prior counsel of his relocation.
58. Plaintiff alleges that he was not provided the requested opportunity to participate remotely and never received mailed notice of the subsequent hearing.
59. Plaintiff challenges whether constitutionally adequate notice was provided and whether the responsible officials used Plaintiff's correct residential or designated mailing address.
60. Plaintiff seeks examination of the hearing notice, any certificate or record of service, address information maintained by the court, and the court's record concerning issuance of the warrant.
61. Plaintiff alleges that the absence of received mailed notice, together with the nature of the completion proceeding and his alleged successful completion of the Deferred

Prosecution Agreement, raises substantial questions concerning procedural due process.

### F. 2026 Failure-to-Appear Warrant and Ohio Arrest

62. In 2026, a failure-to-appear warrant was issued in connection with the 2014 Rock County matter.
63. The warrant was identified as a body-only failure-to-appear warrant without an established bond amount.
64. Plaintiff was subsequently arrested in Ohio pursuant to the Wisconsin warrant.
65. Plaintiff was detained in Ohio without an established bond amount under the Wisconsin warrant.
66. Plaintiff alleges that the warrant arose from his nonappearance at a proceeding concerning completion of probation and eligibility for dismissal.
67. Plaintiff alleges that no criminal prosecution is currently pending against him arising from the original 2014 matter.
68. Plaintiff challenges whether the warrant had a constitutionally sufficient legal basis in light of the completed agreement, nature of the proceeding, absence of received mailed hearing notice, and circumstances surrounding his requested remote participation.
69. Plaintiff seeks examination of the court docket, the recorded reason for issuance of the warrant, the hearing notice, any proof of service, the underlying court orders, and the records concerning the status of the Deferred Prosecution Agreement.
70. Plaintiff alleges that the circumstances surrounding the issuance and enforcement of the 2026 warrant and his resulting detention raise constitutional questions under the Fourth and Fourteenth Amendments.

## V. CLAIMS FOR RELIEF

### COUNT I – FOURTH AMENDMENT: UNREASONABLE SEIZURE

71. Plaintiff incorporates the preceding paragraphs.
72. Plaintiff alleges that the 2026 warrant and resulting seizure violated the Fourth Amendment if the warrant lacked a constitutionally sufficient legal basis.
73. Plaintiff challenges whether the warrant was issued and enforced despite material circumstances concerning completion and dismissal of the underlying deferred prosecution matter.
74. Plaintiff further challenges whether the warrant was supported by the required legal authority when the underlying appearance concerned completion of probation rather than prosecution of an active criminal charge.
75. Plaintiff seeks a determination concerning whether the legal requirements for issuance and execution of the warrant were satisfied.

### COUNT II – FOURTEENTH AMENDMENT: PROCEDURAL DUE PROCESS AND NOTICE

76. Plaintiff incorporates the preceding paragraphs.
77. Plaintiff alleges that he never received mailed notice identifying the subsequent court date that allegedly formed the basis for the failure-to-appear warrant.
78. Plaintiff alleges that he was residing in Ohio, had informed prior counsel of his relocation, and had requested remote participation.
79. Plaintiff alleges that prior counsel refused to file a motion requesting video court participation.
80. Plaintiff alleges that he was not provided a meaningful opportunity to participate remotely or address the completion and dismissal issues before the warrant was issued.
81. Plaintiff challenges whether constitutionally adequate notice and a meaningful opportunity to be heard were provided before the warrant resulted in his arrest and detention.
82. Plaintiff further alleges that the failure to address his completed Deferred Prosecution Agreement and dismissal eligibility raises questions concerning procedural fairness.

### COUNT III – FOURTH AND FOURTEENTH AMENDMENTS: UNLAWFUL DETENTION

83. Plaintiff incorporates the preceding paragraphs.
84. Plaintiff alleges that detention without a constitutionally adequate legal basis may constitute a violation of the Fourth and Fourteenth Amendments.
85. Plaintiff was arrested in Ohio pursuant to the 2026 Rock County failure-to-appear warrant.
86. Plaintiff alleges that the legal basis for the warrant and resulting detention requires examination in light of the completion status of the underlying matter and the absence of received mailed hearing notice.
87. Plaintiff seeks damages for any detention established to have resulted from unconstitutional governmental conduct.

## VI. ROCK COUNTY POLICY, CUSTOM, AND MUNICIPAL LIABILITY UNDER MONELL

88. Plaintiff incorporates all preceding paragraphs.
89. Plaintiff alleges that Rock County maintained and administered an established Deferred Prosecution Program governing the completion of deferred prosecution agreements and dismissal of qualifying cases.
90. Rock County's published Deferred Prosecution Program distinguishes between participants who successfully complete their agreements and participants who fail to satisfy their requirements.

91. The program provides that successful completion earns dismissal of the underlying case, while failure to complete the agreement results in referral back to court for further proceedings.
92. Plaintiff alleges that he completed the requirements of his 2014 Deferred Prosecution Agreement and that the matter had reached the completion and dismissal stage rather than the stage of active criminal prosecution.
93. Plaintiff alleges that the subsequent court appearance concerned completion of probation, dismissal, and expungement eligibility.
94. Plaintiff's position is that failure to appear at a proceeding concerning completion of probation or a deferred prosecution agreement is legally distinct from failure to appear for prosecution of an active criminal charge.
95. Plaintiff alleges that the issuance of a 2026 failure-to-appear warrant, based on his nonappearance at a deferred prosecution completion proceeding, raises questions concerning the procedures used to distinguish completion proceedings from active criminal prosecution proceedings.
96. Plaintiff specifically challenges whether Rock County maintained, implemented, or followed procedures that permitted a failure-to-appear warrant to be requested or issued without first determining whether the underlying deferred prosecution requirements had been completed and whether the criminal matter remained legally active.
97. Plaintiff alleges that the distinction between an active prosecution and a proceeding concerning completion and dismissal was material to the legal basis for the 2026 warrant.
98. Plaintiff seeks to establish whether an official county policy, established practice, or decision by an official possessing final policymaking authority caused the continued treatment of his completed deferred prosecution matter as an active criminal case.
99. Plaintiff further alleges that the county's administration of its Deferred Prosecution Program, including the recording and communication of successful completion, was directly connected to the circumstances that resulted in the 2026 warrant and his resulting loss of liberty.
100. Plaintiff does not rely solely on the existence of the published Deferred Prosecution Program as proof of municipal liability. Plaintiff seeks to establish the connection between the program's completion and dismissal provisions, the county's actual administrative practices, the handling of his completion status, and the resulting constitutional deprivation.
101. Plaintiff relies upon Monell v. Department of Social Services, 436 U.S. 658 (1978), and alleges that an actionable county policy, custom, or final policymaker decision was the moving force behind the alleged constitutional violation.
102. Plaintiff seeks discovery concerning the county's procedures for handling completed deferred prosecution agreements, failure-to-appear proceedings, warrant requests, and communications between the Deferred Prosecution Program and the court.
103. Plaintiff alleges that the 2026 warrant and resulting detention warrant examination of whether the county's practices were constitutionally adequate when applied to a deferred prosecution matter that Plaintiff alleges had already satisfied its completion requirements.

# VII. SUPPORTING RECORDS AND DISCOVERY

104. Plaintiff alleges that records concerning his 2014 Deferred Prosecution Agreement and completion of its requirements are maintained by Rock County offices and agencies involved in administering the agreement.
105. Relevant records include the original Deferred Prosecution Agreement, probation or program-completion records, compliance documentation, communications concerning successful completion, and any dismissal determination.
106. Additional relevant records concerning the 2026 failure-to-appear warrant, hearing notices, court proceedings, and warrant issuance are reflected in the Rock County Circuit Court docket.
107. Plaintiff alleges that these records are maintained by the court and relevant county offices and can be examined to establish the underlying facts concerning completion, dismissal, notice, and issuance of the warrant.
108. Plaintiff seeks discovery of relevant nonprivileged records to establish how the agreement was administered, whether completion was properly recorded, and what circumstances resulted in the continued enforcement of the matter.
109. Plaintiff further seeks discovery of records concerning hearing notices, proof of service, address information, the handling of his request for remote court participation, and the circumstances surrounding issuance and enforcement of the 2026 warrant.
110. Plaintiff reserves the right to seek leave to amend the complaint if discovery reveals additional facts supporting his claims.

# VIII. DAMAGES

111. Plaintiff seeks compensatory damages for legally established injuries resulting from proven constitutional violations.
112. Such damages may include loss of liberty, emotional distress, and other actual damages supported by evidence.
113. Plaintiff seeks reasonable attorney fees and litigation costs pursuant to 42 U.S.C. § 1988, where applicable.

# IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Exercise jurisdiction over this civil rights action.

B. Determine whether Plaintiff's federally protected constitutional rights were violated.

C. Determine whether the continued enforcement of the 2014 matter and resulting 2026 warrant violated Plaintiff's constitutional rights.

D. Award compensatory damages as supported by the evidence.

E. Award reasonable attorney fees and litigation costs where authorized by law.

F. Grant any other relief the Court determines to be just and proper.

# X. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

ISHMAIL DEION YOUNG

Designated Mailing Address:

1509 WHITE AVE
BELOIT, WI 53511

Date: 10/28/2026

Signature: ISHMAIL DEION YOUNG

11-03-2026